**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-5076**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDUARDO MORALES-CARRILLO,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00197-RJC-1)

───────────────

Submitted: June 22, 2012            Decided: June 28, 2012

───────────────

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Chris Greene, GREENE & ASSOCIATES, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Morales-Carrillo pled guilty, pursuant to a written plea agreement, to illegal reentry after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). He was sentenced to fifty-four months' imprisonment. On appeal, counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that he has found no meritorious grounds for appeal, but questioning whether the magistrate judge adequately complied with Fed. R. Crim. P. 11 in accepting Morales-Carrillo's guilty plea and whether the sentence imposed was reasonable. Although informed of his right to file a pro se supplemental brief, Morales-Carrillo has not done so. We affirm.

Our review of the existing record[*] leads us to conclude that the magistrate judge adequately complied with the mandates of Rule 11, ensuring that Morales-Carrillo understood the charges against him, the potential sentence he faced, and the rights he was giving up by pleading guilty. <u>See</u> <u>United States</u>

---

[*] The district court has certified that, due to equipment failure, the digital recording of the plea hearing was not recorded and therefore it is unable to produce a transcript of the plea hearing. Neither party has responded to the district court's certification. Although there is no transcript of the Rule 11 hearing, the record contains an "Entry and Acceptance of Guilty Plea" form which was signed by Morales-Carrillo and his attorney.

v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, the record discloses Morales-Carrillo entered his plea knowingly and voluntarily, and the plea was supported by a sufficient factual basis. Id. at 119-20.

We review Morales-Carrillo's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S.

3

338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Morales-Carrillo has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Morales-Carrillo's conviction and sentence. This court requires that counsel inform Morales-Carrillo, in writing, of the right to petition the Supreme Court of the United States for further review. If Morales-Carrillo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morales-Carrillo. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED